IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY BORS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-2866 |
| | : | |
| JOHNSON & JOHNSON, et al | : | |

MEMORANDUM

KEARNEY, J.                                                                                                                          September 20, 2016

As our Court of Appeals confirmed over twenty-five years ago, companies with no business ties or contacts in Pennsylvania but who choose to register as a foreign corporation in Pennsylvania consent to this Court's exercise of personal jurisdiction over them. Two years ago, the Supreme Court again evaluated the constitutionally permissible exercise of general and specific personal jurisdiction over defendants with arguably little contact to the forum. The Supreme Court's 2014 analysis focused on personal jurisdiction absent consent. Its 2014 holdings do not depart from the well-established principles of personal jurisdiction by consent evidenced by registering to do business in Pennsylvania. When, as here, a foreign corporation registers to do business under the Pennsylvania corporate statute specifically advising the registrant of its consent to personal jurisdiction through registration, we find general and specific jurisdiction principles applying to non-consensual personal jurisdiction do not apply. In the accompanying Order, we deny the foreign corporate defendant's motion to dismiss for lack of personal jurisdiction and further find the Administrator stated claims for negligent misrepresentation, conspiracy, acting in concert and under Pennsylvania's Unfair Trade Practices Law arising from the decedent's use of baby powder allegedly causing ovarian cancer and eventual death.

I.  **Background**

Nancy Bors ("Bors") as Administrator of the Estate of Maureen Broderick Milliken ("Mrs. Milliken") sues Imerys Talc America, Inc. ("Imerys") and Johnson & Johnson[1] alleging their negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of Johnson & Johnson baby powder caused Mrs. Milliken's ovarian cancer and death.

Mrs. Milliken, a Pennsylvania citizen at the time of her death, purchased and used Johnson & Johnson baby powder in Pennsylvania. Imerys is a Delaware corporation with its principal place of business in California. Imerys does not own, possess, or lease property in Pennsylvania. It does not have an address, phone number, or bank account in Pennsylvania, and does not sell talc in Pennsylvania for baby powder or ship or distribute talc in Pennsylvania for baby powder. The commercial transactions between Imerys and Johnson & Johnson did not occur in Pennsylvania. Bors admits Imerys' only connection with Pennsylvania arises from its 2007 decision to register to do business as a foreign corporation in Pennsylvania.

II.  **Analysis**

Imerys moves to dismiss for lack of personal jurisdiction or for failure to state a claim. Imerys argues registering as a foreign corporation in Pennsylvania does not constitute consent necessary to invoke personal jurisdiction after the Supreme Court's 2014 evaluation of general personal jurisdiction in *Daimler*[2] and specific personal jurisdiction in *Walden*.[3] Conceding the Supreme Court has not addressed personal jurisdiction by consent as continuing to include registering to do business, Imerys asks us to follow the Supreme Court's reasoning and ignore our Court of Appeals' precedent existing before 2014. Alternatively, Imerys moves to dismiss

2

arguing Bors lacks standing under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and fails to plead claims for negligent misrepresentation, civil conspiracy or concerted action.[4] We deny Imerys' motion finding personal jurisdiction based on consent and Bors, albeit barely under Fed.R.Civ.P. 8, states a claim under the UTPCPL and for negligent misrepresentation, civil conspiracy and concerted action.

### A. We properly exercise personal jurisdiction based on Imerys' consent.

Bors alleged personal jurisdiction over Imerys based solely on its registration to do business: "[Imerys] is registered to do business as a foreign corporation in the Commonwealth of Pennsylvania, and, in so doing, has subjected itself to the jurisdiction of the courts within this Commonwealth."[5]

Upon being challenged, Bors must establish personal jurisdiction.[6] To determine whether we have personal jurisdiction, we must ensure the defendant has "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[7] Courts can find personal jurisdiction in three ways: consent to general jurisdiction, general jurisdiction, or specific jurisdiction.[8]

Personal jurisdiction may be established through a party's expressed or implied consent.[9] One way a party can consent to jurisdiction is through "state procedures which find constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures."[10] The law of the state determines whether a corporation consents to the personal jurisdiction of the courts.[11]

Pennsylvania law imposes a basis for personal jurisdiction over a business if the business qualifies as a foreign corporation in the state.[12] Pennsylvania notifies registrants of the effect of

3

qualifying as a foreign corporation:

> The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise *general personal jurisdiction* over such person …(2) Corporations (i) Incorporation under or *qualification as a foreign corporation* under the laws of this Commonwealth (ii) *Consent*, to the extent authorized by the consent. (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa.C.S.A. § 5301 (emphasis added).

In *Bane v. Netlink, Inc.*, our Court of Appeals held the defendant "'purposefully avail [ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" because the defendant registered to do business in Pennsylvania under the Pennsylvania statute.[13]

Imerys argues we should "overrule" (more specifically ignore) our Court of Appeals' precedent in *Bane* based on the Supreme Court's 2014 holding in *Daimler* to find registering as a foreign corporation under Pennsylvania's specific law does not comply with due process guaranteed under the Fourteenth Amendment.[14] In *Daimler*, the Supreme Court restricted general personal jurisdiction over a foreign corporation to where the corporation was "essentially at home."[15] A corporation is generally "at home" in its principal place of business and its place of incorporation.[16] Imerys is a Delaware corporation with its principal place of business in California.

Imerys argues constructive consent to personal jurisdiction in Pennsylvania after simply registering as a foreign corporation in the Commonwealth runs afoul of the due process guaranteed under the Fourteenth Amendment following the Supreme Court's 2014 decision in *Daimler*. Citing the Supreme Court's "essentially at home" mandate in *Daimler* means a foreign

4

defendant's substantial, continuous, and systematic contacts with a state alone is not sufficient to establish personal jurisdiction, Imerys asserts if those contacts are not enough, then registering as a foreign corporation creates a "grasping" form of jurisdiction. Imerys cites multiple cases not applying Pennsylvania's specific registration statute rejecting "jurisdiction by consent" based on a foreign defendant's registration to do business in light of *Daimler*.[17] We find cases which do not analyze statutes specifically placing foreign corporations on notice of personal jurisdiction are not persuasive.

The ruling in *Daimler* does not eliminate consent to general personal jurisdiction over a corporation registered to do business in Pennsylvania.[18] The court in *Otsuka* noted *Daimler* contained "but one fleeting reference to the concept of jurisdiction by consent."[19] The Supreme Court in *Daimler* referenced jurisdiction by consent when discussing general jurisdiction to distinguish between "consensual" jurisdiction and "non-consensual bases for jurisdiction," not to "doubt the validity of consent-based jurisdiction."[20] In *Forest Labs., Inc. v. Amneal Pharm. LLC*,[21] the Court held *Daimler* did not overrule "nearly century-old Supreme Court precedent regarding what amounts to voluntary consent to jurisdiction when (1) *Daimler* never says it is doing any such thing; and (2) what *Daimler* does say about consent to jurisdiction suggests just the opposite." In *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*,[22] the Court held "*Daimler* does not eliminate consent as a basis for a state to establish general jurisdiction over a corporation which has appointed an agent for service of process in that state, as is required as part of registering to do business in that state".

A court's exercise of general jurisdiction based on a corporation's consent differs from general jurisdiction established when a corporation is "essentially at home" in the forum state, as

5

described in *Daimler*.[23] In *Acorda Therapeutics*, the court held the defendant consented to Delaware jurisdiction because the defendant registered to do business in Delaware.[24] The court declined to consider whether the defendant had "minimum contacts" with Delaware because the defendant consented to the district's jurisdiction.[25] Ultimately, the court recognized general jurisdiction may be established in showing a corporation is "at home" as explained in *Daimler*, "or separately general jurisdiction may be established by a corporation's consent to such jurisdiction." *Id.* at 579 (noting *Daimler* touches on the former situation, but is silent on the latter).

Following *Daimler*, courts in our Circuit have reached different outcomes in deciding whether "jurisdiction by consent" contradicts the due process concerns of fair play and substantial justice raised in *Daimler*. Applying Delaware law, the District of Delaware held *Daimler* "was limited to the conclusion that continuous and systematic contacts, by themselves, were not enough to establish general personal jurisdiction" and "offered no guidance on acceptable criteria for jurisdiction by consent."[26] As a result, the court in *Pfizer* held a party consents to personal jurisdiction in Delaware "as a result of its compliance with Delaware's business regulation statute."[27] In *Otsuka Pharm. Co. v. Mylan Inc.*, the district court held "it cannot be genuinely disputed that consent, whether by registration or otherwise, remains a valid basis for personal jurisdiction following *International Shoe* and *Daimler*."

While the Third Circuit has not addressed whether "jurisdiction by consent" still establishes personal jurisdiction by consent following *Daimler* under the Pennsylvania statute, courts have distinguished Pennsylvania's specific notice statute in comparing other states' statutes. The Second Circuit "differentiat[ed] Connecticut's registration statute from others that

have been definitely construed to convey a foreign corporation's consent to general jurisdiction."[28] The court of appeals in *Brown* used Pennsylvania's statute as an example of providing notice registering to do business in a state will subject a corporation to general personal jurisdiction.[29] In *Display Works, LLC v. Bartley*,[30] the court distinguished New Jersey's statute from Pennsylvania's statute because New Jersey does not (1) contain language stating registering a foreign corporation constitutes submission to the "general jurisdiction" of New Jersey courts, (2) contain language stating a foreign corporation will be subject to suit in the state following conduct outside the state, and (3) mention consent.[31]

Pennsylvania's statute specifically advises the registrant of the jurisdictional effect of registering to do business. In 2007, long after Pennsylvania enacted its specific notice statute and after our Court of Appeals confirmed personal jurisdiction based on registration, Imerys elected to register to do business in Pennsylvania as a foreign corporation. Imerys' compliance with Pennsylvania's registration statute amounted to consent to personal jurisdiction.

Consent remains a valid form of establishing personal jurisdiction under the Pennsylvania registration statute after *Daimler*. The Supreme Court did not eliminate consent. Parties can agree to waive challenges to personal jurisdiction by agreements in forum selection clauses or, as here, by registering to do business under a statute which specifically advises the registrant of its consent by registration. We do not see a distinction between enforcing a forum selection clause waiving challenges to personal jurisdiction and enforcing a corporation's choice to do business in the Commonwealth. Imerys does not, and cannot, claim prejudice from its known choice to register in Pennsylvania.

As Bors admittedly claims jurisdiction based solely on consent arising from the 2007

7

registration to do business, we need not address whether we could exercise non-consensual jurisdiction over Imerys under principles of general or specific jurisdiction.

### B. Bors adequately pleads claims against Imerys.

To determine whether a defendant's motion to dismiss should be granted, courts must first disregard any legal conclusions and must then determine whether the facts alleged in the complaint are enough to show the Bors has a plausible claim for relief.[32]

#### 1. Bors has standing under the Trade Practices Act.

Imerys moved to dismiss violations of Pennsylvania's UTPCPL because Mrs. Milliken did not have any commercial dealings with Imerys and did not purchase product from Imerys. Mrs. Milliken must have suffered an ascertainable loss as a result of an unfair or deceptive act, and "must also be a person who made a purchase for personal, family, or household purposes."[33] To adequately plead a case under the UTPCPL, Bors must "allege facts from which plausible inferences of deceptive conduct and justifiable reliance thereon can be drawn."[34] For example, a plaintiff is not a purchaser under the UTPCPL when she did not know who the defendant was, had no contact with the defendant, and did not receive a good or service from the defendant.[35]

Bors alleges "[Mrs. Milliken] purchased and used Defendants' J&J Baby Powder primarily for personal use."[36] Bors also alleges Mrs. Milliken received a good and "was injured by the cumulative and indivisible nature of Defendants' conduct."[37] Finally, Bors claims Milliken "relied upon Defendants' misrepresentations and omissions in determining which product to use."[38] At this stage, Bors sufficiently pled Mrs. Milliken is a purchaser and relied on Defendants' deceptive conduct in making her purchase.

8

### 2. Bors states a claim for negligent misrepresentation.

Bors asserts a claim against all Defendants for negligent misrepresentation. Under Pennsylvania law, the tort of negligent misrepresentation has been interpreted to require Bors to plead: (1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation." [39] Imerys claims Bors' allegations are general and conclusory and do not meet the Rule 9(b) standard for pleading fraud with particularity.[40]

Courts are split whether Rule 9(b) with heightened pleading requirements for fraud or mistake apply to negligent misrepresentation claims.[41] The majority of decisions, particularly recent cases, have not applied Rule 9(b) to negligent misrepresentation cases.[42] For example, Judge Padova most recently applied the Rule 8 pleading standards in a products liability case against Bayer Corporation.[43] Mindful of our Court of Appeals direction to apply Rule 9(b) in claims grounded in fraud rather than negligence, we also decline to apply the heightened Rule 9(b) standards to a negligent misrepresentation claim.[44]

Under either Rule 9(b) or the lower pleading standard, Bors alleges sufficient facts to state a claim for negligent misrepresentation. Bors alleges "Defendants represented that J&J Baby Powder had been tested and found to be safe and effective for use in the perineal area."[45] Bors alleges the "Defendants knew, and had reason to know, that J&J Baby Powder had been insufficiently tested, or had not been tested at all, and that they lacked adequate and accurate

9

warnings, and that it created a high risk, and/or higher than acceptable risk, and/or higher than reported and represented risk, of adverse side effects."[46] Bors alleges Mrs. Milliken purchased the baby powder.[47] Finally, Bors alleges "[a]s a proximate result of Defendants' conduct, [Mrs. Milliken] was grievously injured and died."[48] Bors alleged sufficient facts to state a claim for negligent misrepresentation.

### 3. Bors states a claim for civil conspiracy.

Imerys argues Bors did not offer sufficient factual detail to support a civil conspiracy claim because she used conclusory language to allege Imerys attempted to hide medical data. Bors has pled sufficient facts alleging civil conspiracy, even under the rule of law cited by Imerys.[49]

A civil conspiracy claim must plead "the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."[50] Bors pleads Defendants "collectively agreed to release false information to the public regarding the safety of talc on July 1, 1992; July 8, 1992; and November 17, 1994."[51] Bors pleads Defendants "were criticized by their own Toxicologist consultant for releasing this false information to the public" on September 17, 1997.[52] Bors pleads Defendants "attempt[ed] to prevent talc from being classified as a carcinogen" and "withheld, concealed, and suppressed. . .medical information regarding the increase risk of cancer from Bors."[53] Bors further pleads Defendants "instituted a defense strategy to defend talc at all costs."[54]

Bors alleges two participants in this conspiracy: Johnson & Johnson and Imerys. Bors defines Imerys' role in providing the talc to co-defendant Johnson & Johnson. Imerys placed a warning on the material safety data sheets for the talc. Bors alleges Imerys knew of the risks in

10

talc and failed to inform their customers. While the use of the collective "defendants" is inartful, when we are addressing two defendants comprised of a supplier and seller, we can fairly draw inferences from the alleged behavior of each Defendant in their alleged conspiracy.[55] Given deference to Bors at this preliminary stage, we will allow Bors to proceed into discovery and revisit this quantum of proof issue before trial. Bors plead sufficient facts to satisfy the pleading standard for a civil conspiracy claim.

### 4. Bors states a claim for concerted action.

Imerys argues Bors did not plead facts to support a claim of concerted action. Pennsylvania follows Section 876 of the Restatement (Second) of Torts defining the elements of a concerted action claim providing an individual is liable under a concerted action claim when the individual "does a tortious act in concert with the other or pursuant to a common design with him, or ... knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or ... gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."[56]

Bors alleges sufficient facts of concerted action: all Defendants knew the baby powder should have contained a warning about a risk of gynecological cancer.[57] Bors claims Defendants performed tortious acts, knew of the other's tortious conduct, and gave assistance and encouragement to one another in accomplishing tortious results. (Am. Comp. 27). While vague, these facts are enough for Bors to meet the pleadings standard.

11

...
...

### III. Conclusion

Imerys chose to register to do business in Pennsylvania in 2007, years after Pennsylvania enacted its corporate registration statute specifically advising entities of personal jurisdiction arising from their registration to do business. We find, at a minimum, constructive consent to personal jurisdiction over Imerys in Pennsylvania. In the accompanying Order, we also deny Imerys' motion to dismiss as we find Bors sufficiently pleads claims for Pennsylvania's UTPCPL claim, negligent misrepresentation, conspiracy and acting in concert. Bors sufficiently meets Rule 8's pleading requirements but we expect substantially more specificity after discovery.

---

[1] The other defendants are Johnson & Johnson and its subsidiary Johnson & Johnson Consumer Companies, Inc. These related Defendants also moved to partially dismiss the conspiracy and acting in concert claims. (ECF Doc. No. 22). We also dismiss their motion to dismiss today based on the reasoning in this Memorandum and because their arguments focus on the merits of their defenses to be addressed after discovery.

[2] *Daimer AG v. Bauman*, 134 S. Ct. 746, 761 (2014).

---

[3] *Walden v. Fiore,* 134 S. Ct. 1115, 1118 (2014).

[4] (ECF Doc. No. 21).

[5] (ECF Doc. No. 4).

[6] *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)).

[7] *Id.*

[8] *See Am. Fin. Capital Corp. v. Princeton Elecs. Prod.*, No. 95-4568, 1996 WL 131145, at *3 (E.D. Pa. Mar. 20, 1996).

[9] *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982).

[10] *Id.* at 704.

[11] *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 584 (D. Del. 2015), *aff'd*, 817 F.3d 755 (Fed. Cir. 2016).

[12] *Bane v. Netlink, Inc.*, 925 F.2d 637, 641 (3d Cir. 1991).

[13] *Bane*, 925 F.2d at 640 (3d Cir. 1991) (concluding a foreign corporation consents to be sued in Pennsylvania courts after registering to do business in Pennsylvania). *See also RX Returns, Inc. v. PDI Enterprises, Inc.*, No. 97-1855, 1997 WL 330360, at *2 (E.D. Pa. June 6, 1997) (recognizing the Third Circuit "flatly held that when a foreign corporation registers to do business in Pennsylvania, a court may constitutionally exercise jurisdiction over that defendant pursuant to 42 Pa.C.S.A. § 5301(a)(2)(i)").

[14] ECF Doc. No. 21.

[15] *Daimer*, 134 S. Ct. at 761; *Chavez v. Dole Food Co., Inc.*, No. 13-4144, 2016 WL 4578641, at *13 (3d Cir. Sept. 2, 2016) (quoting *Daimler*, 134 S. Ct. at 761)).

[16] *Daimer*, 134 S. Ct. at 761.

[17] *See e.g. Brown v. Lockheed-Martin Corp.*, 814 F.3d 619 (2d Cir. 2016) (holding interpreting registration statute as corporate consent to general jurisdiction is limited by federal due process rights); *Chatwal Hotels & Resorts, LLC v. Dollywood Co.*, 90 F. Supp. 97, 105 (S.D.N.Y. 2015) ("being registered to do business is insufficient to confer general jurisdiction in a state that is neither its state of corporation or its principal place of business"); *Astrazeneca AB v. Mylan Pharms., Inc.*, 72 F. Supp. 3d 549, 556 (D. Del. 2014) (holding compliance with registration

13

statutes that are mandatory for doing business in the state cannot constitute consent to jurisdiction following *Daimler*).

[18] *See Otsuka Pharm. Co.*, 106 F. Supp. 3d at 468.

[19] *Id.* The Supreme Court in *Daimler* distinguished between consensual and non-consensual jurisdiction: ""[The Court's] 1952 decision in *Perkins v. Benguet Consol. Mining Co.* remains the textbook case of general jurisdiction appropriately exercised over a foreign corporation that has not consented to suit in the forum."" *Daimler AG*, 134 S. Ct. at 755–56 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)).

[20] *Daimler*, 134 S. Ct. at 755-56.

[21] *Forest Laboratories, Inc. v. Amneal Pharm. LLC,* No. 14-508-LPS, 2015 WL 880599, at *13 (D. Del. Feb. 26, 2015), *report and recommendation adopted*, No. 14-508, 2015 WL 1467321 (D. Del. Mar. 30, 2015).

[22] 78 F. Supp. 3d 572, 587 (D. Del. 2015), *aff'd,* 817 F.3d 755 (Fed. Cir. 2016).

[23] *Acorda Therapeutics, Inc.*, 78 F. Supp. 3d at 589.

[24] *Id.* at 587.

[25] *Id.* at n. 12.

[26] *Pfizer Inc. v. Mylan Inc.*, No. 15-26, 2016 WL 1319700, at *10 (D. Del. Apr. 4, 2016). We are aware another judge applying Delaware Law held compliance with Delaware's business registration statute does not constitute consent to jurisdiction. *AstraZeneca AB v. Mylan Pharm., Inc.*, 72 F. Supp. 3d 549, 556 (D. Del. 2014), *motion to certify appeal granted sub nom. Astrazeneca AB v. Aurobindo Pharma Ltd.*, No. 14-664 2014 WL 7533913 (D. Del. Dec. 17, 2014), and *aff'd sub nom. Acorda Therapeutics Inc.*, 817 F.3d at 755 (noting Delaware statute requires foreign corporations to register to do business in the state). *See also Display Works, LLC v. Bartley*, No. 16-583, 2016 WL 1644451, at *6 (D.N.J. Apr. 25, 2016).

[27] *Acorda Therapeutics Inc.,* 817 F.3d 755 (holding company not registered to do business in Delaware did not consent to personal jurisdiction).

[28] *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 637 (2d Cir. 2016).

[29] *See id.* (contrasting Connecticut's statute, which does not give a business notice registering will establish personal jurisdiction). The District of New Jersey also distinguished New Jersey's registration statute from Pennsylvania's statute.

[30] *Display Works, LLC*, 2016 WL 1644451, at *6.

[31] *Id.* (holding New Jersey's registration and service statutes do not establish jurisdiction by consent).

[32] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[33] *Balderston v. Medtronic Sofamor Danek, Inc.*, 152 F. Supp. 2d 772, 776 (E.D. Pa. 2001), *aff'd*, 285 F.3d 238 (3d Cir. 2002).

[34] *Kemezis v. Matthews*, 394 F. App'x 956, 959 (3d Cir. 2010).

[35] *Duffy v. Lawyers Title Ins. Co.*, 972 F. Supp 2d 683, 694 (E.D. Pa. 2013).

[36] (ECF Doc. No. 19, ¶ 122).

[37] (*Id.*, ¶ 126).

[38] (*Id.*, ¶ 134).

[39] *Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Associates*, 39 F. Supp. 2d 517, 529–30 (M.D. Pa. 1999).

[40] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Although allegations of time, date or place satisfy the particularity requirements, a plaintiff can also satisfy the pleading requirements by pleading with a "degree of precision or some measure of substantiation into the fraud allegation." *Bionix Dev. Corp. v. Sklar Corp.*, No. 07-4465, 2009 WL 3353154 (E.D. Pa. Oct. 14, 2009).

[41] *Cogswell v. Wright Med. Tech., Inc.*, No. 15-295, 2015 WL 4393385, at *5 (W.D. Pa. July 16, 2015) (declining to apply Rule 9(b)'s heightened pleading standard to negligent misrepresentation claim); *Kramme v. Zimmer, Inc.*, No. 11-916, 2015 WL 4509021, at *5 (M.D. Pa. July 24, 2015) (applying pleading requirements of Rule 9(b) to negligent misrepresentation); *Sims v. Viacom, Inc.*, No. 09-35821, 2009 WL 3856667 (E.D. Pa. Nov. 17, 2009).

[42] *See Cogswell* 2015 WL 4393385, at *5 (collecting cases).

[43] *McLaughlin v. Bayer Corporation, et al.*, No. 14-7315, 2016 WL 1161578, at *16 (E.D.Pa. March 22, 2016).

[44] *Shapiro v. UJG Fin. Corp.*, 964 F.2d 272 (3d Cir. 1992)

[45] (ECF Doc. No. 19, ¶ 139).

15

[46] (*Id*, ¶ 142).

[47] (Id., ¶ 106).

[48] (*Id.*, ¶ 143).

[49] Imerys argues Bors' conspiracy claim does not include a single individualized statement to any Defendant. Citing *Indianapolis Life Ins. Co. v. Hentz*, No. 06-2152, 2008 WL 4453223, at *11 (M.D. Pa. Sep. 30, 2008), Imerys argues "[i]n a case involving multiple defendants, each defendant in entitled to be apprised of the roles they each played in the alleged scheme."[49] Unlike in *Hentz*, Bors' civil conspiracy claims are not based on fraud which require she plead facts with a higher degree of specificity. Her claims sound in conspiracy and we do not require the Rule 9(b) specificity.

[50] *ITP, Inc. v. OCI Co., Ltd.*, 865 F. Supp 2d 672, 684 (E.D. Pa. 2012).

[51] (ECF Doc. No. 19, ¶ 148).

[52] (*Id.*).

[53] (*Id.*).

[54] (*Id.*).

[55] *Jung v. Assoc. of American Medical Colleges*, 300 F.Supp.2d 119, 157-58 (D.D.C. 2004).

[56] *In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1293 (3d Cir. 1994).

[57] (ECF Doc. No. 19, ¶ 153)